IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HUI XU** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil No. 23-839 |
| ) | |
| **DHS/ICE OFFICE OF CHIEF** ) | |
| **COUNSEL, ANASTASIA S.** ) | |
| **WILLIAMS, criminal attorney for** ) | |
| **Hui Xu, and FABIAN LIMA,** ) | |
| **immigration attorney for Hui Xu,** ) | |
| ) | |
| **Defendants.** ) | |

Opinion and Order

Plaintiff Hui Xu, proceeding pro se, brings this action against the United States Department of Homeland Security (DHS) and the United States Immigration and Customs Enforcement (ICE) Office of Chief Counsel, Anastasia S. Williams, and Fabian Lima. Ms. Xu alleges that she has been deprived of her due process rights by DHS and ICE under the Fifth and Fourteenth Amendments to the United States Constitution, and that she has been deprived of her right to effective assistance of counsel under the Sixth Amendment by both her criminal defense attorney, Anastasia Williams, and her immigration attorney, Fabian Lima. Ms. Xu's Complaint will be dismissed because, as explained below, this Court lacks jurisdiction over this matter.

I.

The relevant background is as follows. Hui Xu, a Chinese national, plead guilty, pursuant to a plea agreement, in the Court of Common Pleas of Westmoreland County on December 12, 2019, to two counts of Trafficking, one count of Promoting Prostitution, and one count of Criminal Conspiracy. *Commonwealth v. Xu*, 284 A.3d 931, at *1 (Pa. Super. Ct. Aug.

22, 2022).  She was sentenced the same day to concurrent terms of one year less one day to two years less two days.  *Id.*

On March 24, 2021, the Office of the Principal Legal Advisor in Philadelphia (the Office) "made the decision to deport Hui Xu" based on her criminal convictions.  Compl. at 5 ("Statement of Claim"), ECF No. 1.  On April 21, 2021, the Office, through its Assistant Chief Counsel, filed a "DHS NOTICE OF INTENT TO OFFER EVIDENCE" in Ms. Xu's Removal Proceedings.  ECF No. 1-1, at 8-14.  The evidence included a completed "Record of Deportable/Inadmissable Alien" Form (ECF No. 1-1, at 11-14) and Ms. Xu's "Conviction Record" (not submitted as an exhibit).  The Notice of Intent indicated that the "Next Hearing" was May 3, 2021.  ECF No. 1-1, at 8.

On June 14, 2021, a United States Immigration Judge issued an order of removal for Hui Xu to be deported to China.[1]  After the order of removal was issued, Ms. Xu applied for asylum and withholding of removal.  ECF No. 1-1, at 6.  The Immigration Judge denied her application, which Ms. Xu appealed to the Board of Immigration Appeals (the Board).  The Board affirmed the Immigration Judge's decision on November 26, 2021.  ECF No. 1-1, at 6-7.  Ms. Xu did not appeal the Immigration Judge's finding that Ms. Xu's 2019 criminal convictions constituted "a particularly serious crime," and so the Board deemed the issue waived on appeal.  ECF No. 1-1, at 7 n. 2.

Ms. Xu then filed a motion to reopen the November 26, 2021 decision, which was decided by the Board on April 18, 2023.  ECF No. 1-1, at 1-4.  The motion to reopen was untimely, but Ms. Xu argued that equitable tolling should apply because her immigration counsel was negligent in failing to send her the November 26, 2021 Board's Order and other records in a

---

[1] According to newspaper reports, China has refused to accept Ms. Xu.

timely manner. *Id.* The Board, however, determined that it was unnecessary to consider the question of prior counsel's alleged ineffectiveness because Ms. Xu had failed to show that reopening was warranted even if the motion to reopen had been timely filed. *Id.* Among other items, the Board stated that, although "respondent now asserts that she is not guilty of the criminal offenses, she has not presented evidence that her convictions have been vacated or modified. For immigration purposes, the respondent's convictions remain final." *Id.* at 3. Therefore, the Board denied the motion to reopen. ECF No. 1-1, at 4.

Ms. Xu alleges that the deportation decision was made without an investigation into, or confirmation of, the crimes she is accused of committing, the evidence underlying the crimes, or the legality of her plea of guilty. Compl. at 5. Ms. Xu maintains that she is innocent of the crimes and that therefore the order of deportation is based upon a falsehood. *Id.*

In the present lawsuit, Ms. Xu alleges that her criminal defense attorney, Anastasia Williams, was ineffective because she failed to explain to Ms. Xu the immigration consequences of her guilty plea. Compl. at 5. If Ms. Williams had properly explained the immigration consequences of pleading guilty to Ms. Xu, Ms. Xu maintains that she would not have plead guilty and would have gone to trial instead, as she claims she is innocent. *Id.* She further alleges that her immigration attorney, Fabian Lima, was ineffective in pursuing her case before the Board of Immigration Appeals. *Id.* She claims he failed to challenge, or even address, the finding by the Immigration Judge that Ms. Xu was guilty of a "particularly serious crime." *Id.*

The allegations as to the ineffectiveness of criminal defense counsel and immigration counsel are Ms. Xu's basis for challenging her Order of Removal. Were Ms. Xu successful in establishing that her criminal defense counsel was ineffective, and Ms. Xu was permitted to withdraw her guilty pleas, her order of deportation and order of removal would be nullified.

With respect to her allegations of ineffectiveness of her immigration attorney, if she were successful, the allegations that her counsel did not properly challenge her criminal status is a direct challenge to the validity of her order of removal.

II.

"It is well settled that District Courts lack jurisdiction to review removal orders, hear challenges to removal orders, or stay removal orders." *Rodriguez-Olalde v. United States*, No. CV 20-1102 KG-GJF, 2021 WL 1169712, at *3 (D.N.M. Mar. 26, 2021). "Instead, aliens must bring those challenges in a 'petition for review filed with an appropriate court of appeals.'" *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020) (quoting 8 U.S.C. § 1252(a)(5)). "District courts lack jurisdiction over those challenges to removal." *Id.* "District courts also lack jurisdiction to review most claims that even relate to removal." *Id.* "Because judicial review of a final order of removal is available only in the court of appeals, district courts cannot review [] 'arising from' claims either." *Id.* Accordingly, this Court lacks jurisdiction over Ms. Xu's Complaint.

Moreover, "'when a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal,' the federal district court lacks subject-matter jurisdiction." *Duarte v. Mayorkas*, 27 F.4th 1044, 1054–55 (5th Cir. 2022) (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012)). "The distinction between an independent claim and one that is "inextricably linked" to a removal or deportation order "'will turn on the substance of the relief that a plaintiff is seeking.'" *Id.* As relief, Ms. Xu requests that her deportation proceedings be immediately stopped, and the deportation decision canceled. Compl. at 5. Ms. Xu directly claims that the "decision of DHS/ICE to deport [her] is erroneous." *Id.* Ms. Xu's claims against her former attorneys are

aimed directly at challenging the order of removal. Were Ms. Xu to be successful on her claims, such would implicitly invalidate the order of removal. Thus, this Court lacks jurisdiction for the additional reason that Ms. Xu's claims are inextricably linked to her order of removal,

III.

AND NOW, this 21st day of July, 2023, for the reasons explained above, it is hereby ORDERED that Plaintiff's Complaint is hereby DISMISSED because this Court lacks subject matter jurisdiction over the Complaint.

The Clerk is to mark this case Closed.

_____
Marilyn J. Horan
United States District Court Judge

cc:   Hui Xu, pro se
      326 State Route 906
      Apt. A
      Monongahela, PA 15063